**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

WAYNE JONES, et al.,                )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )   No. 4:06-CV-12 (CAS)
                                    )
SAMUEL J. SIMON, et al.,            )
                                    )
            Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of inmates Ronald M. Buchannon, Marlon E. Finger, Richard I. Johnson, Carlton Bass, and Marvin Ford to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) [Doc. #1]. Also before the Court is a motion for relief [Doc. #12] and a motion to amend the complaint [Doc. #17].

### Background

On April 12, 2006, this Court issued an order granting plaintiff Wayne Jones's motion to proceed in forma pauperis. In that same order, the Court directed inmates Ronald M. Buchannon, Marlon Finger, Carlton Bass, Richard I. Johnson, and Marvin Ford to either submit the full filing fee or submit a certified copy of their inmate account statements. Inmates Buchannon, Finger, and Ford have submitted certified copies of their inmate account statements. Inmates Bass and Johnson have failed to either pay the filing fee or submit a certified copy of their account statements as required by 28 U.S.C. § 1915(a)(2) and as directed

by this Court.

## Discussion

The applications of inmates Bass and Johnson to proceed in forma pauperis in this action shall be denied and they shall be stricken as plaintiffs in this action for failing to comply with the previous order of this Court. Fed. R. Civ. P. 41(b).

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Inmate Buchannon has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of the complaint. See 28

U.S.C. § 1915(a)(1),(2). A review of Buchannon's account statement indicates an average monthly deposit of $30.38, and an average monthly account balance of $14.23. Buchannon has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.08, which is 20 percent of Buchannon's average monthly deposit.

Inmate Finger has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of Finger's account statement indicates an average monthly deposit of $15.00, and an average monthly account balance of $4.56. Finger has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.00, which is 20 percent of Finger's average monthly deposit.

Inmate Ford has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of the complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of Ford's account statement indicates an average monthly deposit of $89.17, and an average monthly account balance of $18.52. Buchannon has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $17.83, which is 20 percent of Buchannon's average monthly deposit.

Both the motion for relief [Doc. #12] and the motion to

amend [Doc. #17] are attempts to amend the complaint piecemeal by interlineation.  Rule 15 of the Federal Rules of Civil Procedure states that plaintiff may amend his complaint only *once* as a matter of course at any time before a responsive pleading is served.  Additionally, this Court does not usually permit amendment by interlineation.  If plaintiffs Jones, Buchannon, and Finger desire to submit an amended complaint, then they must re-allege and reassert all of their facts and claims in one amended complaint that complies with the Federal Rules of Civil Procedure.  Accordingly, the motion for relief [Doc. #12] and the motion to amend [Doc. #17] will be denied without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the motions of Carlton Bass and Richard I. Johnson to proceed in forma pauperis [Doc. #1] are **DENIED.**

**IT IS FURTHER ORDERED** that Carlton Bass and Richard I. Johnson are **DISMISSED** as plaintiffs in this action for failure to comply with the Court's order dated April 12, 2006.

**IT IS FURTHER ORDERED** that the motions of plaintiffs Buchannon, Finger, and Ford to proceed in forma pauperis [Doc. #1] are **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff Buchannon shall pay an initial partial filing fee of $6.08 within thirty (30) days from the date of this order.  Plaintiff Buchannon is instructed to

make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff Buchannon fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff Finger shall pay an initial partial filing fee of $3.00 within thirty (30) days from the date of this order. Plaintiff Finger is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff Finger fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff Ford shall pay an initial partial filing fee of $17.83 within thirty (30) days from the date of this order. Plaintiff Ford is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration

number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff Ford fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the motion for relief [Doc. #12] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that the motion to amend [Doc. #17] is **DENIED**, without prejudice.

An appropriate order of dismissal will accompany this memorandum and order.

Dated this 20th day of June, 2006.

*/s/ Charles A. Shaw*
**UNITED STATES DISTRICT JUDGE**