UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAYNE JONES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-12 CAS |
| ) | |
| SAMUEL J. SIMON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions filed by the plaintiffs. Plaintiffs brought this action pursuant to 42 U.S.C. § 1983 alleging that their constitutional rights are being violated by defendants Samuel J. Simon, Director of St. Louis City Department of Public Safety, and Gene Stubblefield, Superintendent of the City of St. Louis Medium Security Institution. Plaintiffs are inmates at the St. Louis City Justice Center.[1] Plaintiffs allege that they are subjected to (1) overcrowded jail conditions, (2) inadequate heating and ventilation, (3) deficient diet and inadequate food preparation, (4) restricted visitation privileges, (5) denial of their right to practice their religion, (6) housing of juvenile and adult inmates in the same building, (7) mixing of inmates with different security classifications, and (8) inadequate medical staff. Jones has filed a motion for injunctive relief, all of the plaintiffs filed a motion for permanent injunction, and plaintiffs Jones, Buchannon, and Finger filed a motion for the Court to deny any further requests by the defendants for leave any papers out of time, and to amend their complaint by interlineation and add new defendants as parties.

---

[1]The plaintiffs are Wayne Jones, Ronald M. Buchannon, Marlon E. Finger, and Marvin Ford. Plaintiffs Richard I. Johnson and Carlton Bass were dismissed from this action on June 20, 2006.

## I. Motions for Injunctive Relief

Plaintiff Jones's first motion for injunction requests injunctive relief "for any retaliatory actions taken against plaintiff" in this action and "filed under document 5." Plaintiffs' second motion for injunctive relief alleges that plaintiffs have been subject to retaliation by correctional officials for filing this lawsuit. The alleged perpetrators of the retaliation as set forth in the motions are not defendants in this lawsuit. The alleged retaliatory actions included a "shakedown" by correctional officers, threats of placement in the disciplinary housing unit, and a transfer to another housing unit.

To warrant injunctive relief, the Court must balance four factors: "(1) the threat of irreparable harm to the moving party, (2) the balance of harm between this harm and the harm suffered by the nonmoving party if the injunction is granted, (3) the probability of success on the merits, and (4) the public interest." Bank One v. Guttau, 190 F.3d 844, 847 (8th Cir. 1999) (citing Dataphas Sys., Inc. v. C. L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981)). Preliminary injunctions are issued to preserve the status quo and prevent irreparable harm until the Court can rule on the merits of the lawsuit. Dataphase, 640 F.2d at 113.

Furthermore, the Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). "[A] party moving for preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Plaintiffs' allegations of retaliation are different from the allegations in their complaint and are asserted against individuals who are not defendants in this action. While these assertions might support additional claims, they

cannot establish the basis for a preliminary injunction. Therefore, the Court will deny plaintiffs' motions for injunctive relief.

**II. Motion in Opposition to Extensions of Time and to Add Claims to Complaint**

Plaintiffs have also filed a motion requesting that the Court refrain from granting defendants additional time to answer plaintiffs' complaint or to respond to any future motions, because it causes undue delays and prejudices plaintiffs' case and causes further pain and suffering." Further, plaintiffs request leave to add additional claims to their complaint. The caption in motion indicatses that plaintiffs seek to add three more defendants to this case and that only three of the four current plaintiffs would be plaintiffs.

The Court will deny plaintiffs' motion. First, under Federal Rule of Civil Procedure 6, the Court in its discretion may enlarge the time period for filing pleadings or responses to the Court. The Court does not believe that plaintiffs were prejudiced by granting defendants leave to file their answer out of time. The Court will not make a blanket ruling that no future extensions will be granted because this would limit the Court's discretion to manage this case.

Second, the Court will not grant plaintiffs' motion for leave to add additional claims to their complaint. The Court does not allow the amendment of complaints by interlineation or supplementation. If the Court allowed amendment by interlineation or supplementation, there would be confusion regarding the pending claims for the parties and the Court. If plaintiffs wish to amend their complaint, they must file a motion for leave to file an amended complaint with the proposed amended complaint attached. Generally, an amended complaint supersedes the original and renders it of no legal effect. In Home Health, Inc. v. Prudential Ins. Co., 101 F.3d 600, 603 (8th Cir. 1996). The Court cautions plaintiffs that any amended complaint replaces the original complaint. Therefore, plaintiffs must include all of their claims against all parties in any amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff motion for injunction is **DENIED**. [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiffs Jones, Buchannon, Finger, and Fords's motion for permanent injunction is **DENIED**. [Doc. 7]

**IT IS FURTHER ORDERED** that plaintiffs Jones, Buchannon, and Ford's motion, construed as a motion for denial of future motions for extension of time, is **DENIED**. [Doc. 30]

**IT IS FURTHER ORDERED** that plaintiffs Jones, Buchannon, and Finger's motion, construed as a motion for leave to amend their complaint, is **DENIED without prejudice**. [Doc. 30]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of July, 2006.