# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE JONES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-12 CAS |
| | ) | |
| SAMUEL SIMON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Samuel Simon and Gene Stubblefield's motion to dismiss plaintiff's complaint. Plaintiffs have not filed a response. For the following reasons, the Court will grant defendants' motion.

## I. Background

Plaintiffs[1] filed this action pursuant to 42 U.S.C. § 1983 alleging that they are subjected to (1) overcrowded jail conditions, (2) inadequate heating and ventilation, (3) deficient diet and inadequate food preparation, (4) restricted visitation privileges, (5) denial of their right to practice their religion, (6) housing of juvenile and adult inmates in the same building, (7) mixing of inmates with different security classifications, and (8) inadequate medical staff, all in violation of their constitutional rights. Defendant Simon is the Director of Public Safety for the City of St. Louis and defendant Stubblefield is acting Superintendent of the City of St. Louis Department of Corrections. Defendants assert that plaintiffs' complaint should be dismissed for failure to state a claim because the defendants cannot be liable under a theory of respondeat superior.

---

[1]The plaintiffs are Wayne Jones, Ronald M. Buchannon, Marlon E. Finger, and Marvin Ford. Plaintiffs Richard I. Johnson and Carlton Bass were dismissed from this action on June 20, 2006.

**II. Motion to Dismiss**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of thes claim entitling them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiffs will ultimately prevail, but whether the plaintiffs are entitled to present evidence in support of their claims. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiffs. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003).

**III. Discussion**

"Section 1983 creates a cause of action against 'every person, who under color of any statute, ordinance, regulation, custom, or usage' subjects any person to deprivation of immunities secured by the Constitution or federal laws." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004) (citing 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must set forth facts that allege an action performed under color of state law, which resulted in a constitutional injury. See Haberthur v. City of Raymore, Mo., 119 F.3d 720, 723 (8th Cir. 1997). "It is well settled that respondeat superior is not a basis for liability under 42 U.S.C. § 1983." Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (citations omitted). Supervising prison operations is insufficient to allege the personal involvement required to support liability under § 1983. Id.

Although a § 1983 claim cannot be predicated solely on the theory of respondeat superior, inmates may maintain an action against supervisory or other officials under a failure to supervise theory. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged

2

deprivation of rights. Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006). Plaintiffs do not allege any facts that suggest personal involvement, tacit authorization, or any policy directives regarding the incidents alleged in plaintiffs' complaint. See Brown v. Missouri Dept. of Corrections, 353 F.3d 1038, 1040 (8th Cir. 2004). In fact, the allegations in plaintiffs' complaint do not allege any actions personally taken by the defendants. Based on the foregoing, the Court finds that plaintiffs' complaint fails to state a claim against defendants Simon and Stubblefield. Therefore, the Court will grant defendants' motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **GRANTED**. [Doc. 28]

An appropriate order of dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of August, 2006.